IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHRISTOPHER LEE AMERSON,

Plaintiff,

v.

MARTY ALLEN; JOHNNY SIKES;
TREVONZA BOBBITT; JOHN DOE;
VALORIE PRIGEON; and HAROLD
CARAVIELLO,

Defendants.

CIVIL ACTION NO.: 6:18-cv-62

## ORDER

The Court has conducted an independent and de novo review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, (doc. 27). For the reasons which follow, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the Order of the Court. The Court **DIRECTS** the Clerk of Court to **DISMISS without prejudice** Plaintiff's Complaint, (doc. 1), **CLOSE** this case, and enter the appropriate judgment of dismissal. The Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

Although Plaintiff did not file Objections to this Report and Recommendation, he did file a declaration and certificate of service, (docs. 28, 30), three motions to amend, (docs. 29, 32, 33, 34), and an Amended Complaint, (doc. 31).[1] However, "[f]ederal courts sometimes will ignore

---

[1] Plaintiff had until February 11, 2019, to file his Objections to the Report and Recommendation. (Doc. 25, pp. 8–9). While Plaintiff filed his declaration, certificate of service, and his first motion to amend before February 11, (docs. 28, 29, 30), he filed his amended Complaint, (doc. 31), on February 19, 2019, and his next three motions to amend, (docs. 32, 33, 34), on March 4, 2019, March 7, 2019, and March 19, 2019, respectively.

the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). This Court may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. United States District Court, 523 F. App'x 691, 694 (11th Cir. 2013). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of the motion and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381–82). In line with this reasoning, the Court characterizes Plaintiff's subsequent filings, (docs. 28, 29, 30, 31, 32, 33, 34), as Objections to the Magistrate Judge's Report and Recommendations. While several of these filings are untimely as objections, the Court has nonetheless considered all of the allegations and arguments raised in these filings in issuing this Order. Nothing in these filings suggests the Report and Recommendation should not be adopted in full.[2]

In the Report, the Magistrate Judge recommended dismissing Plaintiff's Complaint without prejudice for abuse of the judicial process due to Plaintiff's failure to fully and truthfully disclose his litigation history as the Court required. (Doc. 27, pp. 6–7). In his responsive filings, Plaintiff

---

[2] Though Plaintiff frequently alleges difficulty receiving and sending mail, (see, e.g., doc. 28, pp. 1–2), he did receive a timely copy of the January 29, 2019 Report and Recommendations. In his first motion to amend (postmarked on February 6 and filed with this Court on February 8, 2019), Plaintiff asks the Court for leave "to correct the deficiencies noted in [the] Jan[uary] 29, 2019 Report and Recommendation made by U.S. Magistrate Judge Benjamin W. Cheesbro." (Doc. 29, p. 1). This shows Plaintiff obtained a copy of the Report and Recommendations and filed responses (albeit improperly) during the time period set for objections. While pro se pleadings are held to a less stringent standard and are construed liberally, pro se parties are not excused from compliance with procedural rules. Moton v. Cowart, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Because, as discussed below, nothing in Plaintiff's proposed amendments shows good cause for failing to disclose his full litigation history, the Court **DENIES as moot** his motions to amend and to substitute his amended Complaint, (docs. 29, 31, 32, 33, 34). Despite this denial, the Court has examined all of Plaintiff's subsequent filings and considered all of the arguments made therein before issuing this Order.

writes that he "made these mistakes unintentionally and due to him [r]ushing to submit his filing out of fear" of further retaliation that he alleges he is experiencing at the hands of prison officials. (Doc. 29, pp. 1–2). Plaintiff alleges, however, that he did not understand that the dismissal of one his previous lawsuit should be disclosed because he did not pursue the case, and that he did not have access to information, including Court Orders, relating to some of his other former federal actions. (Id.) Plaintiff contends he did not "[i]ntentionally engage in bad [f]aith, litigiousness, or manipulative tactics" and requests leave to amend his Complaint to update his litigation history. (Id., pp. 2–3).

Plaintiff's attempt to excuse what he previously failed to disclose cannot "serve to overlook [Plaintiff's] abuse of the judicial process." Hood v. Tompkins, 179 F. App'x 818, 819 (11th Cir. 2006). Plaintiff admits he "made several mistakes" when disclosing his litigation history to the Court. (Doc. 29, p. 2). Though Plaintiff avers that he did not intend to deceive the Court, his subjective intentions do not require a different result. See Shelton v. Rohrs, 406 F. App'x 340 (11th Cir. 2010) (affirming dismissal without prejudice when plaintiff failed to disclose one of his prior federal lawsuits even though Plaintiff claimed he "did not intend to mislead the court"). As the Magistrate Judge observed, this is not the first time Plaintiff has made this mistake—rather, Plaintiff has filed previous actions in the Southern District of Georgia which were dismissed due to his failure to disclose his litigation history. (Doc. 27, p. 7).

Plaintiff asserts that his lack of candor occurred because he rushed to submit his initial filings because he feared retaliation from prison officials. (Doc. 29, pp. 2–3). Importantly, when filing his Complaint, Plaintiff disclosed two of his previous federal lawsuits and provided several explanatory sentences. (Id., pp. 2–3). It is not clear why Plaintiff would be able to recall and disclose two lawsuits in a "rush," but not others. Rather, it appears that Plaintiff, now aware of the deficiency in his otherwise proper filing, is claiming he feared retaliation as an attempt to

3

excuse his mistake.[3] Even if the Court were to accept that Plaintiff would face retaliation if he disclosed his full (as opposed to partial) litigation history on the form, this argument would still fail to explain why he made no effort to correct the issue during the six months that the action was pending. Instead, Plaintiff waited until the Court pointed out the deficiency to supplement the incomplete information he initially provided.[4]

Plaintiff's attempts to justify his lack of candor do not excuse his failure to disclose or make sanctions any less appropriate. See Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal when the district court allowed plaintiff to show cause as to why he failed to fully disclose his litigation history but found plaintiff's explanation "did not excuse the misrepresentation"); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010) (affirming dismissal and denial of leave to amend for failure to disclose his litigation history despite plaintiff's good faith effort to disclose because "[t]he hindrances he identified did not absolve him of the requirement of disclosing, at a minimum, all of the

---

[3] Plaintiff did assert a retaliation claim as part of his underlying action. (Doc. 1, p. 11).

[4] Plaintiff's action also warrants dismissal because the facts he alleges constitute nothing more than fantastic and delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("[The Prison Litigation Reform Act] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) ("Frivolous claims include 'claims describing fantastic or delusional scenarios . . . .'" (quoting Neitzke, 490 U.S. at 328)); Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 (11th Cir. 1990) ("[A] complaint . . . [can] be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts."); Hood v. Fla. Dep't of Corr., No. 11-20281-CIV, 2011 WL 1625009, at *2 (S.D. Fla. Apr. 13, 2011) (dismissing *sua sponte* when the allegations in prisoner-plaintiff's complaint were "simply not credible"). Plaintiff alleges that Defendants are engaged in an elaborate and extensive conspiracy which, for some reason, involves slipping drugs into his food and then destroying all evidence of this clandestine drug dosing. (See, e.g., Doc. 31, pp. 7–8). Moreover, Plaintiff has attempted to support his "claim" by filing over 100 pages of mostly illegible and handwritten documents containing often incomprehensible "allegations" and legal pronouncements. The facts asserted in the decipherable portion of his pleadings only describe fantastical situations and are, upon review, clearly baseless and subject to dismissal.

information that was known to him"). As the Magistrate Judge noted, "The plain language of the Complaint form is clear, and Plaintiff failed to answer fully and truthfully."[5] (Doc. 27, p. 7).

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DISMISSES without prejudice** Plaintiff's Complaint, **DENIES** Plaintiff *in forma pauperis* status on appeal, and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 25th day of March, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5] Plaintiff tries to justify his lack of candor by arguing that he did not disclose all of his previous federal lawsuits because, at the time he filed his Complaint, he was incompetent due to the effects of the drugs he alleges prison officials put into his food. (Doc. 29, p. 1). Plaintiff's claim that he was temporarily rendered incompetent due to prison officials secretly putting drugs in his food lacks credibility. Scannavino v. Fla. Dep't of Corr., 242 F.R.D. 662, 664 (M.D. Fla. 2007) (quoting Weeks v. Jones, 52 F.3d 1559, 1569 (11th Cir.1995) (noting that all "all persons are presumed to be competent" and the "burden of proof of incompetency rests with the party asserting it")). As explained previously, Plaintiff's claims that he is secretly being drugged are not plausible. Nothing presented to the Court shows that Plaintiff is incompetent due to any other impairment. Plaintiff's filings demonstrate that he understands the nature and effect of his lawsuit to the extent expected of pro se litigants. See id. ("In the context of federal civil litigation, the relevant inquiry is whether the litigant is 'mentally competent to understand the nature and effect of the litigation she has instituted.'" (quoting Bodnar v. Bodnar, 441 F.2d 1103, 1104 (5th Cir. 1971))).